## MEYER v. COMMISSIONER OF INTERNAL REVENUE.
### No. 9039.

Circuit Court of Appeals, Third Circuit.

Argued Feb. 4, 1946.

Decided Feb. 27, 1946.

Sydner A. Gutkin, of Newark, N. J. (David Beck, of Newark, N. J., on the brief), for petitioner.

S. Dee Hanson, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before MARIS, McLAUGHLIN and O'CONNELL, Circuit Judges.

MARIS, Circuit Judge.

The taxpayer asks this court to review a finding by the Tax Court that the redemption by Bersel Realty Company during the years 1938, 1939, 1940 and 1941 for $125,-000 of 1,250 shares of its 5% noncumulative preferred stock which he owned was accomplished at such times and in such manner as to be essentially equivalent to distributions of taxable dividends to him within the meaning of Sectioin 115(g) of the Revenue Act of 1938 and the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code,

§ 115(g). This was a conclusion which ordinarily would not be reviewable here. Dobson v. Commissioner, 1943, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248; John Kelley Co. v. Commissioner, 1946, 66 S.Ct. 299.

In the present case, however, this conclusion was based upon a finding that in the years in question the company had undistributed surplus earnings in excess of the amounts distributed in redemption of the stock. That finding in turn depended in part upon a further finding that on December 31, 1937 the earned surplus of the company was $374,433.37. This represented the earned surplus as shown by the company's books of account on that date. The Tax Court also found, however, that in the years 1931, 1934 and 1935 the company had redeemed 5,500 shares of the taxpayer's preferred stock for $550,-000.

While the Tax Court found that these redemptions were all charged against the capital account it did not find, and the present record does not disclose any basis for finding, that the redemptions made in 1931, 1934 and 1935 were accomplished at a time and in a manner so different from those made in 1938, 1939, 1940 and 1941 as not to be also essentially equivalent to distributions of taxable dividends. On the contrary every factor upon which the court relied in concluding that the later redemptions were of this character would seem, so far as appears from the record now before us, equally applicable to the earlier ones.

If, however, the earlier redemptions which totalled $550,000 are also to be treated as essentially equivalent to distributions of taxable dividends, it is obvious that, looked at from the tax standpoint, they must have operated to distribute so much of the earned surplus of $374,433.-37 shown by the company's books at the end of 1937 as had accumulated up to the time of the last of these earlier redemptions in 1935. In that case only the earnings accumulated since that last redemption would, for tax purposes, have remained available for distribution in 1938 and later years. The Tax Court made no finding as to the amount of the earnings accumulated in 1936 and 1937 and there is no evidence in the record upon which such a finding could be based.

The Tax Court, as we have said, concluded that the entire sum of $125,000 dis-

56

tributed by Bersel Realty Company to the taxpayer in 1938, 1939, 1940 and 1941 in redemption of preferred stock was taxable as dividends. From what has been said it will be seen that this conclusion required for its support a finding either (a) that the redemptions of 1931, 1934 and 1935 were not essentially equivalent to the distribution of taxable dividends and therefore did not for tax purposes operate to distribute the earnings of that period, or (b) that the earnings accumulated after the last of those earlier redemptions together with the earnings of the years 1938, 1939, 1940 and 1941 were at least equal to the amounts distributed in redemption of preferred stock in the latter years. Since the Tax Court made neither finding its decision must be vacated and the case remanded for appropriate findings and decision.

The decision of the Tax Court is vacated and the case is remanded for further proceedings in accord with this opinion.